IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DORETHA STEWART, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v.   ) <br> ) <br> ) <br> JOHN DOE and JOHN McHUGH, ) <br> Secretary of the Army,   ) <br> ) <br> Defendants.   ) | CV 110-076 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case *pro se*, attempting to raise claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671 *et seq.*, and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Because she is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

Accordingly, on July 29, 2010, the Court reviewed Plaintiff's complaint in conformity with the *in forma pauperis* statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 4.) Plaintiff has submitted an amended complaint,

(doc. no. 5), and it is this document that the Court will now screen.

## I. BACKGROUND

Liberally construing Plaintiff's amended complaint, the Court finds the following. On June 7, 2008, Plaintiff, a taxi driver, was physically assaulted by an unidentified active-duty soldier while driving her taxi on the United States Army installation of Fort Gordon near Augusta, Georgia. (Doc. no. 5, p. 3.) After Plaintiff reported the assault, the military police responded and prepared an incident report. (Id.) Plaintiff requested a copy of the incident report from the Department of the Army pursuant to the FOIA, but her request was denied. (Id.) Plaintiff managed to secure a copy of the report with the assistance of her Congressman, but in the version of the report that she obtained, all of the identifying information regarding her assailant and witnesses to the incident was redacted. (Id.) Plaintiff seeks monetary damages for the harm she has suffered. (Id.) In addition, Plaintiff seeks to have the Court order the production of the documentation sought in her denied FOIA request. (Id.)

## II. DISCUSSION

### A. Defendant Named in Original Complaint

In the Court's Order directing Plaintiff to amend his complaint, she was notified that her amended complaint would supersede her previously filed complaint. (Doc. no. 12, p. 3 (citing Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)). Plaintiff was also specifically told that she must name all defendants in the caption and the body of the amended complaint. (Id. at 4). Upon review of the amended complaint, the Court finds that Plaintiff no longer names John Doe, one of the original Defendants, as a party to the lawsuit. As Plaintiff fails to name

2

John Doe in the caption of her amended complaint, he should be dismissed from this lawsuit.

### B. Defendant McHugh

Defendant McHugh should be dismissed from this lawsuit because he is not a proper defendant under either the FTCA or the FOIA, which together constitute the legal basis for all of Plaintiff's claims. In an FTCA action, the only proper defendant is the United States. 28 U.S.C. § 2679. Only federal agencies qualify as proper defendants in FOIA claims. 5 U.S.C. § 552(f); Petrus v. Bowen, 833 F.2d 581, 582 (5th Cir. 1987). Individual employees or officers of agencies are not appropriate defendants in FOIA claims. Petrus, 833 F.2d at 582. Because Defendant McHugh is an improper defendant under both the FTCA and FOIA, he should be dismissed from this lawsuit.[1]

### C. FTCA Claim

Plaintiff has failed to state a claim upon which relief may be granted under the FTCA. The FTCA is a limited waiver of the federal government's sovereign immunity that permits private parties to bring suit in federal court against the United States for injuries resulting from the tortious conduct of persons acting on behalf of the United States. 28 U.S.C. §§ 1346(b)(1) & 2674. However, a prerequisite for bringing an FTCA claim in federal court is exhaustion of the claimant's administrative remedies. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 107 (1993); Bush v. United States, 703 F.2d 491, 494 (11th Cir. 1983) ("Only those claims presented initially to the appropriate administrative agency are

---

[1] The Court is mindful of the FTCA's provision mandating substitution of the United States as a defendant when a claimant improperly names a government employee as a defendant in an FTCA claim. See 28 U.S.C. § 2679(d)(1). However, in light of the Court's recommendation that Plaintiff's FTCA claim be dismissed, the Court does not recommend the addition of the United States as a defendant in this case.

3

cognizable in a tort action against the United States."). A federal court's subject matter jurisdiction over an FTCA claim is contingent upon the claimant's satisfaction of the FTCA's exhaustion requirements, which includes initially presenting the claim to the appropriate agency so that it has a chance to respond prior to facing a claim in federal court. Bush, 703 F.2d at 494.

Here, Plaintiff has not made any allegation suggesting that she has presented her claim to the appropriate federal agency prior to filing her complaint. The Court therefore lacks subject matter jurisdiction over her FTCA claim, and that claim should accordingly be dismissed for failure to state a claim.

It bears mentioning at this juncture that dismissal of Plaintiff's FTCA claim will render unavailable all of the monetary relief requested by Plaintiff in her complaint.[2] If Plaintiff's case moves forward in accordance with this Court's recommendations, the only claim with which she will be permitted to proceed is her FOIA claim. Monetary damages are not available in a FOIA action. See Daniels v. St. Louis VA Regional Office, 561 F. Supp. 250, 251 (E.D. Mo. 1983); Diamond v. FBI, 532 F. Supp. 216, 233 (S.D.N.Y. 1981). The only relief a Court can grant under FOIA is to enjoin agencies from withholding records or order the production of records that an agency has improperly withheld. See 5 U.S.C. § 552(a)(4)(B). Plaintiff's potential relief under her FOIA claim will thus be limited to disclosure of the Incident Report she sought in her FOIA request.

---

[2]Plaintiff requests monetary damages in compensation for, among other things, medical bills, emotional distress, lost wages, and loss of earning capacity. (Doc. no. 5, p. 4.)

4

## IV. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's FTCA claim, along with Defendants John Doe and McHugh, be **DISMISSED** from the case.[3]

SO REPORTED and RECOMMENDED this 27th day of September, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] In a simultaneously issued Order, the Court has directed that service of process be effected on the Department of the Army for Plaintiff's FOIA claim.